CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
February 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ERIC HOWARD,** | ) |
| Plaintiff, | ) Case No. 7:23CV00622 |
| v. | ) **OPINION AND ORDER** |
| **WARDEN I. HAMILTON, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Eric Howard, Pro Se Plaintiff;* Dorothy Wallace, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, *for Defendants Hamilton and Collins;* and Brittany E. Shipley and Rosalie P. Fessier, TIMBERLAKE SMITH, Staunton, Virginia, *for Defendants Whited and Ball.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. On October 10, 2024, two groups of defendants filed separate Motions for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. At the time of each filing, the court mailed a Notice advising Howard that the court would give him twenty-one days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendant's evidence before ruling on the summary judgment motion. Each Notice warned Howard that if he did not respond to the motions, the court would assume that he had lost interest in the case or that he agrees with the defendants' arguments for dismissal. Each Notice

advised Howard that if he wished to continue with the case, it was "necessary that [he] respond in an appropriate fashion" and if he did not file some response to the defendants' motions within the allotted time, the Court might "dismiss the case for failure to prosecute." Notices, ECF Nos. 63, 66.

Howard filed requests for discovery and received some responses. The Court granted a protective order against further discovery pending a decision on the summary judgment motions. By Order entered December 3, 2024, the Court granted Howard an extension until January 31, 2025, to respond to the defendants' motions. That deadline has come and gone, with no response or other communication from Howard. Therefore, I conclude that dismissal of the action, the consequence of which the court's Notices warned Howard, is warranted.

For the reasons stated, it is hereby **ORDERED** as follows:

1. This action is DISMISSED WITHOUT PREJUDICE, based on the plaintiff's failure to prosecute, by failing to respond to the defendants' dispositive motions by the January 31, 2025, deadline imposed by the court;

2. Pending motions, ECF Nos. 61 and 64, are DISMISSED WITHOUT PREJUDICE; and

3. The Clerk shall close the case.

ENTER: February 11, 2025

/s/ JAMES P. JONES
Senior United States District Judge